## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CA-00433-SCT

*CATHERINE M. ADAIR*

*v.*

*THOMAS H. ADAIR*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/1998 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CAROLYN B. MILLS |
| ATTORNEY FOR APPELLEE: | R. CONNER McALLISTER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 4/15/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/6/99 |

**BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On December 29, 1997, Chancellor Patricia D. Wise granted a divorce to Appellant Catherine M. Adair, awarded custody of the parties' three minor children to Appellee Dr. Thomas H. Adair, ordered Mrs. Adair to pay child support, granted Mrs. Adair reasonable visitation rights, and made an equitable distribution of the marital property based upon the factors presented in *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994).

¶2. The only issue on appeal is Mrs. Adair's assertion that the chancellor failed to make an equitable distribution of the marital property of the parties. Mrs. Adair asserts that the chancellor's application of the *Ferguson* factors is not supported by substantial evidence.

¶3. The standard of review in such matters is well known. We "will not disturb the chancellor's findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." *Henderson v. Henderson*, 703 So. 2d 262, 264 (Miss. 1997).

¶4. The chancellor followed the guidelines of *Ferguson*, and as finder of fact, she specifically stated it was undisputed that Dr. Adair's frugality contributed to the accumulation of the parties' property during the twenty-year marriage. The chancellor also compared the frugality of Dr. Adair with the spendthrift ways of Mrs. Adair.

¶5. Substantial evidence was presented to demonstrate Dr. Adair's frugality, and Mrs. Adair was allowed to fully cross examine Dr. Adair on this issue.

¶6. At the conclusion of all the evidence, the chancellor found that Mrs. Adair's contributions toward the accumulation of property through emotional, financial or other types of support was minimal.

¶7. The chancellor considered the value of the marital assets, tax and other economic consequences, as well as the extent to which the property division may be utilized to eliminate periodic payments and other potential sources of future friction between the parties. The chancellor obviously considered the needs of the parties for financial security and other equitable factors. Mrs. Adair was allowed to pay less child support than that recommended by the State's child support guidelines so that she could retain a larger amount of her income for her own personal use. The stated reason that Dr. Adair was granted certain assets was his financial responsibility for, among other things, the educational expenses of the three minor children, all of whom have professional aspirations.

¶8. We are satisfied that the chancellor followed the mandate of this Court directing an equitable distribution of the marital assets of Dr. and Mrs. Adair. What at first glance might appear to be an unbalanced distribution of assets appears fair and reasonable when one reviews all the evidence placed before the chancellor, the contributions of the parties, and their future responsibilities.

¶9. There is substantial credible evidence to uphold the finding of the chancellor, and she committed no manifest error in her ruling. The judgment of the lower court is therefore affirmed, and costs are assessed to Mrs. Adair.

¶10. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. COBB, J., NOT PARTICIPATING.**